1
2
3
4
5
6
7        UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
                                    AT SEATTLE
8

9   RICHARD O'HEARN, individually and on
    behalf of all others similarly situated,
10                                                  No.
                                    Plaintiff,
11                                                  CLASS ACTION COMPLAINT
          v.
12                                                  DEMAND FOR JURY TRIAL
    LES SCHWAB WAREHOUSE CENTER,
13  INC. and LES SCHWAB TIRE CENTERS
    OF WASHINGTON, INC.,
14
                                    Defendants.
15

16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT
Case No.



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010402-11  651313 V1

# TABLE OF CONTENTS

**Page**

I. NATURE OF ACTION ................................................................................................1

II. PARTIES .....................................................................................................................2

III. JURISDICTION ..........................................................................................................3

IV. VENUE ........................................................................................................................3

V. FACTUAL ALLEGATIONS ......................................................................................3

    A. Background ....................................................................................................3

        1. Employment at Les Schwab Tire Centers........................................3

        2. Les Schwab's misclassification of Assistant Managers and related failure to pay earned overtime wages...........................4

    B. Plaintiff O'Hearn's Experiences are the Same as Those of Other Assistant Managers ...........................................................................7

    C. Defendants' Failure to Pay Overtime Was Willful.........................................8

VI. CLASS ALLEGATIONS ............................................................................................9

VII. VIOLATIONS ALLEGED........................................................................................11

COUNT I (FAILURE TO PAY OVERTIME WAGES – RCW 49.46.130).................................11

COUNT II (FAILURE TO PAY OVERTIME WAGES DUE AT TERMINATION – RCW 49.48.010) .................................................................12

COUNT III (WILLFUL REFUSAL TO PAY WAGES – RCW 49.52.050) ...............................13

VIII. REQUEST FOR RELIEF .........................................................................................13

IX. DEMAND FOR JURY TRIAL .................................................................................14



1  Plaintiff Richard O'Hearn, individually and on behalf of all others similarly situated, alleges as his Complaint and Demand for Jury Trial, the following:

## I.  NATURE OF ACTION

1.  Washington State's wage and hour laws are in place to make sure that the State's employers treat Washington workers fairly.  This includes fair compensation for work performed and, if employees work more than 40 hours a week, overtime wages at the statutory rate.  Employers who choose to do business in the State must adhere to these laws.  The State has created limited exceptions to this rule for "any individual employed in a bona fide executive, administrative, or professional capacity."  Employers may not avoid their statutory obligations by misclassifying employees as falling within the exceptions when, based on their job duties, they do not.  This lawsuit arises because Les Schwab Warehouse Center, Inc. and Les Schwab Tire Centers of Washington, Inc. (collectively "Defendants" or "Les Schwab") willfully broke these rules by misclassifying Plaintiff and a class of similarly situated individuals as exempt from the State wage and hour laws when they were not and did not pay them overtime wages.  As a result, Plaintiff and the Class suffered damages.

2.  This Complaint asserts claims against Defendants for violations of the Washington Minimum Wage Act, RCW Ch. 49.46 and related statutes.

3.  This action is brought as a class action on behalf of all individuals who were employed by Les Schwab in Washington as Assistant Managers in Les Schwab tire centers during the relevant time period.

4.  The relevant time period for purposes of the complaint is three years prior to the filing of the complaint to the present, or the time of the misclassification and Defendants' failure to pay earned overtime wages.

5.  Plaintiff alleges that he and other Assistant Managers were misclassified as exempt employees under Washington wage and hour laws by Les Schwab and were thereby denied proper compensation because they were not paid earned overtime wages.

CLASS ACTION COMPLAINT - 1
Case No.



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

010402-11  651313 V1

6. Les Schwab's conduct was willful. Les Schwab's misclassification of these employees was a centerpiece of Les Schwab's business model for years, if not decades. In order to maximize profits and gain a competitive advantage over competitors in the tire industry, Les Schwab intentionally engaged in a systemic business practice of misclassifying Assistant Managers and, as a result, did not pay Assistant Managers earned overtime wages.

7. The title of "Assistant Manager," which Les Schwab gave the employees, was a misnomer. Based on the categories of work the Assistant Managers performed, and the amount of time they devoted to each category of work, Les Schwab knew that its Assistant Managers were not exempt from Washington's wage and hour laws.

8. Rather than actually managing the Les Schwab enterprise, or exercising discretionary judgment in performing their jobs, Les Schwab Assistant Managers devoted most of every workday to the same work performed by hourly employees.

9. Les Schwab compelled Assistant Managers to work lengthy shifts which routinely resulted in workweeks that exceeded 40 hours of work in a workweek.

10. Les Schwab did not pay its Assistant Managers overtime either at the time it was earned or at the time Plaintiff or Class members terminated their employment with Les Schwab.

## II.     PARTIES

11. Plaintiff Richard O'Hearn is currently an Oregon resident. At all times relevant to this action, Plaintiff O'Hearn was a resident of Washington State. Plaintiff O'Hearn worked for Les Schwab in Washington as an Assistant Manager from approximately February 2005 to December 2012. Plaintiff O'Hearn performed work for Les Schwab in this district. At all relevant times, Les Schwab misclassified Plaintiff O'Hearn as an employee exempt from Washington's Minimum Wage Act and failed to pay him earned overtime wages.

12. Defendant Les Schwab Warehouse Center, Inc. is an Oregon corporation with its headquarters in Bend, Oregon. Defendant Les Schwab Tire Centers of Washington, Inc. is a Washington corporation with its headquarters in Bend, Oregon. Defendants collectively operate and have operated retail tire stores in Washington State, all of which operate under the name

CLASS ACTION COMPLAINT - 2
Case No.

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

010402-11  651313 V1

"Les Schwab Tire Centers" and employ hundreds of individuals in Washington State. At all times relevant to this lawsuit, Les Schwab has conducted business throughout Washington State and in this district. For purposes of this action, the Defendants together constitute a single integrated enterprise.

### III. JURISDICTION

13. This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the proposed Class consists of 100 or more members; Plaintiff believes the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

### IV. VENUE

14. Venue is proper in the Western District of Washington under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Les Schwab operates multiple retail stores in this district, transacts business in this district, and employed Plaintiff O'Hearn and members of the Class in this District.

### V. FACTUAL ALLEGATIONS

**A.     Background**

    **1.     Employment at Les Schwab Tire Centers**.

15. Les Schwab owns and operates more than 400 retail tire stores, all of which operate under the name "Les Schwab Tire Centers," throughout the Western United States. Les Schwab owned and operated more than 100 locations in Washington State during the relevant time period. The primary business of Les Schwab Tire Centers is the retail sale of tires.

16. Les Schwab employs and employed standardized policies and procedures relating to hiring, staffing, promotions, retail operations, and the management of employees, including Assistant Managers, at all of its stores, including those in Washington State. The hierarchy of job positions in the retail stores are similar. There is one Manager, one or more Assistant Managers, and two operating departments ("Sales and Service" and "Sales and Administration").

CLASS ACTION COMPLAINT - 3
Case No.

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010402-11 651313 V1

The Sales and Service Department is the part of the store operations where tires are changed and some automotive repair work is performed. The other department, Sales and Administration, consists of office and clerical positions. This was true throughout the relevant time period.

17. At all times relevant to this complaint, in each of its Washington stores, Les Schwab employed at least one person who is designated an Assistant Manager. In larger stores, two or more persons are designated as Assistant Managers.

18. During the time period relevant to this complaint, Plaintiff and members of the Class worked for Defendants as "Assistant Managers." Les Schwab paid the Assistant Managers a salary.

**2.    Les Schwab's misclassification of Assistant Managers and related failure to pay earned overtime wages**.

19. Les Schwab engaged in a common course of wage and hour violations against its Assistant Managers in the State of Washington by misclassifying all Assistant Managers as exempt employees under the laws of the State of Washington. On the basis of this misclassification, Les Schwab refused to pay the Assistant Managers overtime wages at the statutory rate of time-and-a-half for all hours worked in excess of 40 hours in any given work week.

20. Les Schwab required Assistant Managers to conform to Les Schwab's company-wide standards, including hours worked and the tasks performed. The Assistant Managers' primary duties did not constitute the management of the Les Schwab business or require the exercise of discretionary powers. In fact, the company's Assistant Managers spent the vast majority of each day alongside non-exempt employees, performing the same tasks as those employees.

21. Les Schwab Assistant Managers performed non-supervisory, non-exempt work including work on vehicles in the service bays or at the service counters, including tire alignments, brake work, and tire rebalancing. While at the front counter, the Assistant Managers

CLASS ACTION COMPLAINT - 4
Case No.



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010402-11 651313 V1

answered telephones, wrote up work orders, sold tires, wheels, batteries, services, and other products.

22. Other non-exempt work Assistant Managers routinely performed included tasks related to operating the tire center such as making popcorn, making coffee, keeping air guns oiled, unlocking the bull pen for the work day, setting tools out, turning air compressors on at the start of the day and off at the end of the day, filling weight trays, draining water on reserve tanks, setting up and putting away hoses, and keeping the customer drink cooler filled.

23. Assistant Managers also routinely performed maintenance work such as cleaning up the backroom or stockroom, changing light bulbs, sweeping the parking lot, dumping scrap heaps of metal, garbage, or cardboard.

24. Assistant Managers further regularly performed manual work such as pulling tires for installation, loading and unloading freight trucks, and performing routine vehicle maintenance to keep costs down.

25. The Assistant Managers routinely worked 12 hours or more per day, 6 days a week one week and 5 days the next week to complete necessary work. Generally, Assistant Managers reported to work before the store opened to the public to prepare the store for business and stayed until after the store closed its doors for the day. The company-mandated operating hours for all stores are 8:00 a.m. to 6:00 p.m., although many stores advertised a 7:30 a.m. opening and company policy required that the store's doors not close until the last customer's work is finished.

26. At all times relevant to this complaint, Defendants knew that the Assistant Managers were misclassified as exempt employees under Washington law based on the duties that Defendants required them to perform and the amount of time that they spent on these duties during the workday. As a result of the misclassification, Defendants knew that the Assistant Managers were not being properly compensated for their work because they were not paid the overtime wages the Washington Minimum Wage Act requires.

CLASS ACTION COMPLAINT - 5
Case No.

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010402-11  651313 V1

27. Actual managerial work performed by Assistant Managers at the tire centers was minimal. Assistant Managers were responsible for completing Les Schwab required reports. The paperwork included conducting the daily inventory, running a wage-cost report, and reviewing the daily work. The format for all of this paperwork was determined by Les Schwab, which provided templates. In reality, the paperwork consisted of no more than filling in store-generated data into forms provided by the company and uploading it after it was completed. The paperwork generally took one hour or less before the tire center opened.

28. After completing the paperwork, the Assistant Managers routinely set up for the day by performing tasks such as making popcorn and coffee, opening the service bays, moving the service trucks and the customers' overnight vehicles out of the bays, turning on the compressors, rolling out the hoses, jacks and small tools, rolling out the tire displays, sweeping the service bays, placing used tires in good condition out front for sale and placing the tires in poor condition in a trailer.

29. Once the tire center doors opened, the Assistant Managers worked alongside hourly non-exempt employees performing the same tasks as the hourly employees, including meeting and greeting customers, answering telephones, completing brake jobs and tire alignments, and installing tires.

30. At the end of the day, the Assistant Managers closed the store by performing tasks such as rolling up the hoses, putting the tools away, ensuring that the tire machines were stocked with weights and valve stems, returning the service trucks and customer vehicles to the bays, locking the store, and turning on the alarm.

31. Les Schwab discouraged paying overtime to hourly employees and accrual of overtime was considered a direct reflection on the ability of the Assistant Managers to get the job done. Overtime for hourly employees was not authorized when Assistant Managers could do the work at no additional cost to the company.

32. Assistant Managers participated in hiring and firing decisions and performance evaluations, but ultimately all such actions had to be approved by a tire center Manager.

CLASS ACTION COMPLAINT - 6
Case No.

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010402-11 651313 V1

33. In addition to not paying earned overtime wages owed to Assistant Managers under Washington law, when Les Schwab Assistant Managers terminated their employment either voluntarily or because they were fired, Les Schwab also did not pay them their earned overtime wages.

34. Les Schwab discontinued its classification of Assistant Managers as exempt from Washington State wage and hour laws on January 1, 2013. At that time, Les Schwab re-classified its Assistant Managers as non-exempt employees and began to pay them overtime.

**B.     Plaintiff O'Hearn's Experiences are the Same as Those of Other Assistant Managers**

35. Plaintiff O'Hearn held the position of Assistant Manager at the Les Schwab Tire Center in Bothell, Washington from February 1, 2005 to December 31, 2012. He held the position of Sales and Service Professional at the same tire center from January 1, 2013 to July 24, 2013 when he voluntarily resigned because his position had been eliminated.

36. In his position as an Assistant Manager at the Bothell Les Schwab Tire Center, his experiences as an Assistant Manager were identical to those described above and the same as those of other Assistant Managers across the company and across the state. As an Assistant Manager, Plaintiff O'Hearn regularly worked the hours described above. As part of his ordinary duties at the Les Schwab Bothell store, Plaintiff O'Hearn worked alongside non-exempt hourly employees, performing the same work they did at the sales counter or in the bays, and performing tire alignments or installing tires.

37. Plaintiff O'Hearn's responsibility for hiring employees was limited and dictated by the company. Although Plaintiff O'Hearn recruited and interviewed employees and presented the information to management, the ultimate decisions regarding hiring and firing were left to the discretion of the Manager.

38. Plaintiff O'Hearn describes his responsibilities as an Assistant Manager in the Bothell store in terms similar to those described above. He arrived at the tire center before the location opened to the public. He would spend approximately one hour before the store opened

CLASS ACTION COMPLAINT - 7
Case No.



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010402-11 651313 V1

preparing company-mandated reports, including budget reports and inventory reports. Once the reports were completed, he would set up the tire center for the day's business. Once the tire center doors opened, he would work alongside the hourly employees and work on vehicles or make sales. At the end of the day, he would close down the tire center and put away the tools and other equipment. On Saturdays, Plaintiff O'Hearn would help load and unload trucks.

39. Plaintiff O'Hearn worked approximately 12 hours or more a day, six days one week and five days the next. For this work, Les Schwab paid Plaintiff O'Hearn a salary. Les Schwab classified Plaintiff O'Hearn as an exempt employee and did not pay Plaintiff O'Hearn overtime.

40. Defendants did not pay Plaintiff O'Hearn earned overtime at the time he terminated his employment with Les Schwab and have not paid Plaintiff O'Hearn his earned overtime. Defendants have not paid other Assistant Managers their earned overtime wages when their employment is terminated.

41. On January 1, 2013, Les Schwab suspended its policy of classifying its Assistant Managers as exempt, but did not pay Plaintiff O'Hearn, or any of its Washington Assistant Managers, the earned overtime they had accrued prior to the suspension of the policy.

**C.    Defendants' Failure to Pay Overtime Was Willful**

42. Les Schwab's misclassification of Plaintiff O'Hearn and Class Members as exempt employees, and its related failure to pay earned overtime to these employees, were willful acts.

43. Les Schwab knew or should have known at the time it first misclassified its Assistant Managers in Washington State as exempt employees that the large majority of the work it required Assistant Managers to perform did not qualify as managerial work or require discretionary powers; that the actual managerial work that Les Schwab had Assistant Managers perform was minimal; and that, as a result, Les Schwab Assistant Managers should be classified as non-exempt employees.

CLASS ACTION COMPLAINT - 8
Case No.

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010402-11 651313 V1

44. Les Schwab had further knowledge that its Washington State Assistant Managers were misclassified. In 2008, a class of Oregon Assistant Managers brought claims against Les Schwab for the same practices Plaintiff and the Class complain of here. The Oregon class was certified and was tried to a verdict in favor of the certified class in 2012. Earlier a class of California Assistant Managers had brought claims against Les Schwab for the same practices Plaintiff and the Class complain of here.

## VI.     CLASS ALLEGATIONS

45. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and all others similarly situated. Plaintiff seeks to represent a Class defined as:

> All persons who are or were employed as Assistant Managers, or in similar positions, by Les Schwab Tire Centers in Washington State and were misclassified as exempt employees and were not paid statutory overtime during the three years prior to the filing of the Complaint and thereafter.

Excluded from the Class are Les Schwab, any entity or division in which Les Schwab has a controlling interest, its legal representatives, officers, directors, assigns, owners, and successors.

46. Plaintiffs reserve the right to amend the definition of the Class and/or add classes if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

47. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

48. **Numerosity**: Although the exact number of Class members is uncertain and can only be ascertained by discovery, members of the Class are so numerous that their individual joinder in this case is impractical. The disposition of the claims of the Class in a single action will provide substantial benefits to all parties and to the Court. Plaintiff believes that there are more than 100 members in the Class. The Class is readily ascertainable through records kept by Les Schwab. Class members may be notified of the pendency of this action by mail and/or

CLASS ACTION COMPLAINT - 9
Case No.

010402-11  651313 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

1  electronic mail, supplemented (if deemed necessary or appropriate by the Court) by published
2  notice.

3    49.   **Commonality**:  Common questions of law and fact exist as to Plaintiff and all
4  other members of the Class and predominate over questions affecting only individual members
5  of the Class.  These Common Questions include:

   a.  Whether Les Schwab unlawfully misclassified non-exempt employees as exempt;

   b.  Whether Les Schwab unlawfully misclassified non-exempt employees as exempt for purposes of evading Washington law pertaining to the duty to pay overtime compensation;

   c.  Whether Les Schwab willfully and unlawfully misclassified non-exempt employees as exempt;

   d.  Whether Les Schwab unlawfully failed to pay Plaintiff and the Class overtime compensation;

   e.  Whether Les Schwab is liable to Plaintiff and the Class for unpaid overtime compensation;

   f.  Whether Les Schwab is liable to Plaintiff and the Class for penalty wages pursuant to Washington law for failure to pay overtime compensation;

   g.  Whether Les Schwab unlawfully failed to pay Plaintiff and the Class wages due, consisting of overtime compensation, upon termination of their employment in violation of Washington law;

   h.  Whether Les Schwab is liable to Plaintiff and the Class for penalty wages pursuant to Washington law for failure to pay wages due, consisting of overtime compensation, upon termination of their employment; and

   i.  Whether Plaintiff and the Class are entitled to damages and other monetary relief and, if so, in what amount.

   50.  **Typicality**:  Plaintiff's claims are typical of the claims of the other Class members because, among other things, Plaintiff was an Assistant Manager at a Les Schwab tire center in Washington State and is a member of the proposed class.  The representative Plaintiff, like all other members of the Class, has suffered damages by Les Schwab's conduct in that Les

CLASS ACTION COMPLAINT - 10
Case No.



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

010402-11  651313 V1

Schwab mis-classified him as an exempt employee and did not pay him earned overtime. Furthermore, the factual bases of Les Schwab's misconduct are common to all members of the Class and represent a common thread of willful conduct by Les Schwab.

51. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of the other members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

52. **Superiority**: Plaintiff and the other members of the Class have all suffered harm and damages as a result of Les Schwab's unlawful and wrongful conduct. A class action is far superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the other Class members. While substantial, the damages suffered by each individual Class member do not justify the burden and expense of individual prosecution of the complex and extensive litigation required by Les Schwab's conduct. Further, it would be virtually impossible for the members of the Class to redress individually and effectively the wrongs done to them. Even if the members of the Class themselves could afford individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system. By contrast, the class action device presents no known difficulties to the management of this litigation, and it provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VII.   VIOLATIONS ALLEGED

### COUNT I
### (FAILURE TO PAY OVERTIME WAGES – RCW 49.46.130)

53. Plaintiff repeats and realleges the prior allegations of this Complaint.

54. RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a work week longer than forty hours unless such employee receives compensation

CLASS ACTION COMPLAINT - 11
Case No.



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010402-11  651313 V1

for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

55. RCW 49.46.010(3) provides an exception to the overtime laws for "(c) any individual employed in a bona fide executive, administrative, or professional capacity or in the capacity of outside salesperson."

56. For the reasons set forth in this Complaint, the RCW 49.46.010(c) and exemptions do not apply to Plaintiff or the Class;

57. By the actions alleged above, Les Schwab has violated the provisions of RCW 49.46.130.

58. Les Schwab's failure to pay Plaintiff and the Class members one and one-half times their regular rate of pay for hours worked in excess of 40 hours in their workweeks constitutes a violation of RCW 49.46.130.

59. As a result of Les Schwab's acts and omissions, Plaintiff and the Class have been damaged in amounts as will be proven at trial.

60. Plaintiff and the Class are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs pursuant to RCW 49.46.090 and RCW 49.48.030, and any other applicable statutes.

**COUNT II**
**(FAILURE TO PAY OVERTIME WAGES DUE**
**AT TERMINATION – RCW 49.48.010)**

61. Plaintiff repeats and realleges the prior allegations of this Complaint.

62. RCW 49.48.010 provides that "[w]hen any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him or her on account of his or her employment shall be paid to him or her at the end of the established pay period." The statute further provides that it shall be unlawful "for any employer to withhold or divert any portion of an employee's wages."

63. By the actions alleged above, Les Schwab violated the provisions of RCW 49.48.010.

CLASS ACTION COMPLAINT - 12
Case No.

010402-11 651313 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

64. As a result of Les Schwab's acts and omissions, Plaintiff and the Class have been damaged in amounts as will be proven at trial.

65. Plaintiff and the Class are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs pursuant to RCW 49.48.030, and any other applicable statutes.

## COUNT III
### (WILLFUL REFUSAL TO PAY WAGES – RCW 49.52.050)

66. Plaintiff repeats and realleges the prior allegations of this Complaint.

67. RCW 49.52.050 provides that any employer who, "[w]illfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

68. Les Schwab's violations of RCW 49.46.130, as discussed above, were willful. By its willful violations of RCW 49.46.130, Les Schwab has violated RCW 49.52.050.

69. RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld and attorneys' fees and costs.

70. As a result of the willful, unlawful acts of Les Schwab, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, Plaintiff and the Class are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs.

## VIII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all members of the Class, respectfully requests that the Court enter judgment in their favor and against Les Schwab Warehouse Center, Inc. and Les Schwab Tire Centers of Washington, Inc., as follows:

A. Certification of the proposed Class, including appointment of Richard O'Hearn as class representative and appointment of Plaintiff's counsel as Class Counsel;

CLASS ACTION COMPLAINT - 13
Case No.

010402-11  651313 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

  B. A declaration that Les Schwab is financially responsible for notifying all Class members of its wage and hour violations;

  C. An award of compensatory and exemplary damages and/or penalties, as allowed by law;

  D. Costs and damages, including penalties, in an amount to be determined at trial;

  E. An order requiring Les Schwab to pay both pre-judgment and post-judgment interest on any amounts awarded;

  F. An award of attorneys' fees and costs; and

  G. Such other relief as may be appropriate.

## IX. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all claims so triable.

DATED:  November 6, 2013

            HAGENS BERMAN SOBOL SHAPIRO LLP


            By */s/ Steve W. Berman*
              Steve W. Berman, WSBA # 12536
            Jeniphr A.E. Breckenridge, WSBA # 21410
            HAGENS BERMAN SOBOL SHAPIRO LLP
            1918 Eighth Avenue, Suite 3300
            Seattle, WA 98101
            Telephone: (206) 623-7292
            Facsimile:  (206) 623-0594

            *Attorneys for Plaintiff*

CLASS ACTION COMPLAINT - 14
Case No.



010402-11  651313 V1